UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICKY O'SHEA,<br><br>               Petitioner,<br><br>   v.<br><br>WARDEN RAMIREZ,<br><br>               Respondent. | Case No. 1:20-cv-00333-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Ricky O'Shea, challenging Petitioner's state court conviction for possession of a controlled substance.[1] *Pet.*, *Dkt. 1.* Respondent has filed a Motion for Summary Dismissal, *see Dkt. 17*, which is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. *Dkt. 16*; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *Dkt. 9.* Having carefully reviewed the record, including the

---

[1] It first appeared that Petitioner was also challenging his conviction for writing a check without sufficient funds. *See Pet.* at 2; *Dkt. 10* at 2. However, a review of the record has made clear that all of Petitioner's habeas claims relate to the possession charge.

MEMORANDUM DECISION AND ORDER - 1

state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion and dismissing this case with prejudice.

## BACKGROUND

In the Sixth Judicial District Court in Bannock County, Idaho, Petitioner pleaded guilty to possession of a controlled substance. Pursuant to a plea agreement, the state dismissed a persistent violator enhancement. *State's Lodging A-1* at 127–33, 145–46. Petitioner was sentenced to a unified term of five years in prison with two years fixed, but the court suspended sentence and placed Petitioner on probation for four years. The judgment of conviction was entered on March 22, 2018. *Id*. at 198–203. Petitioner did not file a direct appeal.

Petitioner was soon arrested on a bench warrant, and given some discretionary jail time, for failure to comply with the terms of probation; he was then released back to probation. *Id*. at 227. On August 24, 2018, the court issued another bench warrant for probation violations. *Id*. at 215. After an evidentiary hearing, the trial court found Petitioner guilty of the violations. *Id*. at 226–27. The trial court offered to retain jurisdiction, but Petitioner declined, asking that the court either release him to probation or to reduce, and impose, the underlying sentence. *Id*. at 230. On January 10, 2019, the state court reduced Petitioner's sentence—to a unified term of four years with two years fixed—revoked Petitioner's probation, and ordered execution of Petitioner's sentence. *Id*. at 231. Petitioner again did not appeal.

MEMORANDUM DECISION AND ORDER - 2

On April 4, 2019 (at the earliest),[2] Petitioner filed a motion to reduce his sentence under Idaho Criminal Rule 35. *Id*. at 238–44. The trial court denied the motion as untimely. Alternatively, the court noted that Petitioner's request for Rule 35 relief had already been granted, when the trial court reduced the indeterminate portion of Petitioner's sentence. *Id*. at 257.

Petitioner appealed the denial of his Rule 35 motion, arguing that the court abused its discretion. *State's Lodging B-1*. The Idaho Court of Appeals affirmed, holding that the motion was untimely because it was not filed within 14 days of the order revoking probation. *State's Lodging B-4*. Petitioner sought review with the Idaho Supreme Court. *State's Lodging B-5*. That court denied review and issued the remittitur on March 8, 2020. *State's Lodging B-6 & B-7*.

On February 3, 2020, while the appeal from the denial of his Rule 35 motion was pending, Petitioner filed a state post-conviction petition challenging the underlying possession conviction. *State's Lodging C-2*. That petition remains pending in Idaho state court. *See O'Shea v. Idaho*, Bannock County Case No. CV-03-20-00657, *docket available at* https://icourt.idaho.gov/.

On June 25, 2020,[3] Petitioner filed the instant federal habeas corpus petition. *See Pet.* at 9. The Petition asserts the following claims: (1) Sixth Amendment claims of

---

[2] Idaho state courts follow the prison mailbox rule and deem a pro se inmate's post-conviction petition filed on the date the petition is delivered to prison authorities for placement in the mail. *Munson v. State*, 917 P.2d 796, 800 (Idaho 1996).

[3] The federal courts also follow the prison mailbox rule. *See* Rule 3(d) of the Rules Governing Section 2254 Cases ("Habeas Rules"); *Houston v. Lack*, 487 U.S. 266, 270 (1988).

MEMORANDUM DECISION AND ORDER - 3

ineffective assistance of counsel, including conflicted counsel, based on counsel's alleged (a) misrepresentations to Petitioner, (b) friendship with the arresting officer, (c) providing evidence of innocence to the prosecution, and (d) involvement in the persistent violator charge; (2) an Eighth Amendment claim that Petitioner's sentence is excessive; and (3) a due process claim that Petitioner's plea was not knowing, intelligent, and voluntary. *Pet.* at 5–8; *Initial Review Order*, *Dkt. 10*, at 2.

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." *Initial Review Order* at 2–3.

Respondent now argues that the Petition is barred by the one-year statute of limitations. The Court agrees. Because Petitioner (1) is not entitled to statutory tolling, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, the Court will dismiss the Petition with prejudice as untimely.

## DISCUSSION

The Habeas Rules authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201; *Dawson*, 451

F.3d at 551 n.1. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

**1.    Standards of Law**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[4] 28 U.S.C. § 2244(d)(1)(A). The Court analyzes the issue of timeliness on a claim-by-claim basis, rather than giving the Petition as a whole a single limitations period. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

The first step in a statute of limitations analysis is determining the date when the petitioner's conviction became final. Under AEDPA, the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his case:

---

[4] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

MEMORANDUM DECISION AND ORDER - 5

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

The one-year statute of limitations can be tolled (or paused) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral

MEMORANDUM DECISION AND ORDER - 6

challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). And, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003).

To qualify for statutory tolling, the state collateral relief application must be "properly filed," meaning that it conforms to state rules governing conditions to filing, including filing deadlines. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Therefore, a collateral relief application that is untimely under state law does not toll the limitations period. Further, a collateral relief application can toll the statute of limitations only if that application involves "the pertinent judgment or claim" at issue in the habeas action. 28 U.S.C. § 2244(d)(2).

To determine the date when a petitioner's state court post-conviction action concluded, the Court looks to state law. *See Carey v. Saffold*, 536 U.S. 214, 219–20 (2002). Under Idaho law, an appellate case remains pending until a remittitur is issued, *see Jakoski v. State*, 32 P.3d 672, 679 (Idaho Ct. App. 2001). Thus, for federal statute of

limitations purposes, a collateral relief application in Idaho is deemed "pending" until the appellate court issues the remittitur.

In addition to statutory tolling, equitable tolling can also apply to suspend the one-year limitations period. A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). The petitioner bears the burden of showing a factual basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318 at n. 3 (9th Cir. 1999).

Further, the statute of limitations is subject to an actual innocence exception, also referred to as the miscarriage-of-justice exception. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A time-barred claim may be heard under the actual innocence exception only if "in light of all of the evidence, 'it is more likely than not that no

reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit. This extremely demanding standard "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

**2.     The Claims in the Petition Are Barred by the Statute of Limitations**

Because Petitioner did not file a direct appeal, his conviction became final on May 3, 2018, 42 days after the judgment was entered on March 22, 2018.[5] *See* 28 U.S.C. § 2244(d)(1)(A); Idaho App. R. 14. Absent tolling, the statute of limitations would expire one year later, on May 3, 2019. Because the Petition in this case was not filed until June 25, 2020, Petitioner's claims are time-barred unless he can establish that he is entitled to sufficient statutory or equitable tolling or that he is actually innocent.

Petitioner filed his Rule 35 motion on April 4, 2019. That case remained pending until the Idaho Supreme Court issued the remittitur on March 8, 2020. However, because

---

[5] Petitioner appears to argue that his conviction became final on January 10, 2019, when the trial court revoked probation and ordered execution of sentence. *Dkt. 20* at 2 ("I started the appeal process with a Rule 35 at the 6-month point *in my incarceration*, proving I have in fact been fighting this since 2018.") (emphasis added). However, because Petitioner's claims all challenge his underlying conviction and sentence rather than his probation revocation, the statute of limitations began running when the underlying conviction was final—not when Petitioner was first sent to prison. *See Hanington v. Wengler*, No. 1:12-CV-00152-BLW, 2013 WL 828219, at *3 (D. Idaho Mar. 6, 2013) (unpublished) ("[A]ll of Petitioner's claims … raise errors related to the original criminal proceeding that led to his guilty plea rather than errors that occurred during later probation revocation … hearings. Therefore, AEDPA's limitations period began to run … forty-two days after the … order placing Petitioner on probation was entered."); *Freeman v. Little*, No. 1:12-CV-0081-REB, 2013 WL 4495079, at *4 (D. Idaho Aug. 19, 2013) (unpublished) ("Under 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations for challenging any substantive issues relating to a trial court judgment which imposes probation begins to run when the judgment imposing probation becomes final.") (emphasis omitted).

the motion was untimely under Idaho law, Petitioner is not entitled to statutory tolling during his Rule 35 proceedings.[6] *See Pace*, 544 U.S. at 414; *State's Lodging B-4*. Thus, the statute of limitations continued to run until it expired on May 3, 2019.

Petitioner filed his state post-conviction petition on February 3, 2020. However, because the statute of limitations had expired long before, the pending post-conviction proceeding has no relevance to the statute of limitations issue. *See Ferguson*, 321 F.3d at 822.

Petitioner does not argue that he is entitled to equitable tolling or actual innocence. *See* Dkt. 20. Because Petitioner is pro se, the Court has independently reviewed the record to determine whether either exception applies. The Court has found no basis for equitable tolling and no new evidence that Petitioner is actually innocent.

## CONCLUSION

Under AEDPA's statute of limitations, Petitioner was required to file his habeas petition no later than May 3, 2019. Because he did not file it until June 25, 2020, the Court must dismiss the Petition as untimely. *See* 28 U.S.C. § 2244(d).

---

[6] Petitioner is also not entitled to statutory tolling during his probation revocation proceedings. A revocation proceeding is not an "application for … collateral review," nor did Petitioner's revocation proceedings involve "the pertinent judgment" that Petitioner challenges in this case—the underlying judgment of conviction. 28 U.S.C. § 2244(d)(2); *see Hanington*, 2013 WL 828219 at *3; *Freeman*, 2013 WL 4495079 at *4.

**ORDER**

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 17) is GRANTED, and this entire case is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: August 24, 2021

Honorable Raymond E. Patricco
United States Magistrate Judge